Ferguson v. Bowers et al                                                                                           Doc. 5

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 27 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES EDWARD FERGUSON, JR., ) | |
|     Plaintiff, ) | Civil Action No. 7:06CV00452 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| THOMAS E. BOWERS, et al., ) | By: Hon. Glen E. Conrad |
|     Defendants. ) | United States District Judge |

James Edward Ferguson, Jr., a Virginia inmate proceeding pro se, filed this action under 42 U.S.C. § 1983. Ferguson was convicted of "hit and run" in the Circuit Court for the City of Salem in June of 2003. He was sentenced to a three-year term of imprisonment, with two years suspended. Ferguson is presently incarcerated at the Roanoke County Jail for violating a condition of his suspended sentence. In the instant complaint, Ferguson alleges that his detention is the result of prosecutorial error and mistaken identity. He seeks the removal of "all false charges," as well as monetary damages.

Having reviewed the complaint, the court is of the opinion that even though Ferguson has styled the action as a civil rights complaint, his claims are more appropriately filed as a petition for a writ of habeas corpus. For reasons explained below, the court will file the complaint in forma pauperis as a habeas action under 28 U.S.C. § 2254 and dismiss it summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under Rule 4 if it is clear from the petition that the petitioner is not entitled to relief.

A district court is not constrained by a litigant's style of pleading or request for relief. Hamlin v. Warren, 664 F.2d 29, 30 (4th Cir. 1981). To determine whether an action is properly considered a civil rights complaint or a habeas corpus petition requiring exhaustion of state remedies pursuant to § 2254, a court must consider whether the "core" of the litigant's complaint concerns the fact or duration of the litigant's confinement and whether a claim for damages is ancillary to and dependent on a

Dockets.Justia.com

favorable resolution of such a claim. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983). If the core of the complaint does concern the fact or length of confinement, the case must be filed as a habeas corpus proceeding. Todd, 712 F.2d at 73. In this case, Ferguson is clearly contesting the fact that he is being confined at the Roanoke County Jail as a result of the suspended sentence violation. Accordingly, Ferguson's exclusive cause of action is in habeas.

Once the complaint is construed as a petition for a writ of habeas corpus, the initial mislabeling of the action would not normally require dismissal. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). However, under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which the petitioner was convicted. Preiser, 411 U.S. at 477. If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53, 54 (1971).

The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, the inmate can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, the inmate can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court

of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

The petition in this case offers no indication whatsoever that Ferguson's claims have been presented to the Supreme Court of Virginia. The burden of proving that a claim has been exhausted lies with the petitioner. Mallory v. Smith, 27 F.3d 991, 994 (4th Cir. 1994). Ferguson's failure to exhaust state remedies mandates summary dismissal of the petition, pursuant to Rule 4 of the Rules Governing § 2254 Cases.*

Ferguson also seeks to recover monetary damages. However, Ferguson's claim for damages will not accrue until the revocation of his suspended sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Ferguson offers no indication that the revocation of his suspended sentence has been rendered invalid by a state or federal court decision. Accordingly, any claim for monetary damages that he may have has not yet accrued and must therefore be dismissed without prejudice. Id.

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to the plaintiff and to counsel of record for the defendants, if known.

ENTER: This 21st day of July, 2006.

_____
United States District Judge

---

* Ferguson may still pursue a federal habeas petition if he is unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. Ferguson is advised, however, that the time to file a state or federal habeas petition is limited by statute. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).